RECEIVED

JUL 14 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILLEAN GUIDEN, ET AL | CIVIL ACTION NO: 13-1625 |
| VERSUS | JUDGE DONALD E. WALTER |
| COMMUNITY TRUST BANK | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING[1]

Before the Court is a motion to dismiss for lack of jurisdiction and to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed on behalf of Defendant Community Trust Bank ("CTB"). [Doc. 13]. Having reviewed the motion, the submissions of the parties, the pleadings, the record, and the applicable law, this Court concludes that Plaintiffs do not have capacity to bring this suit and this Court does not have subject matter jurisdiction. Accordingly, CTB's motion to dismiss is **GRANTED**. For the reasons assigned herein, this case is **DISMISSED** in its entirety **WITH PREJUDICE**.

### I. BACKGROUND

This case arises out of a dispute between *pro se* Plaintiffs and a bank over mortgaged property. On June 11, 2013, Plaintiffs Willean Guiden and Zara Guiden, as board members of Unity in Prayer Ministries ("Unity"), filed this action against CTB, a Louisiana banking corporation. Plaintiffs assert state law claims against CTB due to its foreclosure against real property owned by Unity that was mortgaged to CTB as security for a loan to Unity.[2] Specifically, on April 11, 2007,

---

[1] Plaintiff's Motion for Leave to file Reply Memorandum [Doc. 21] is hereby **GRANTED**. Defendant's Motion for Leave to File Reply Memorandum in Support of Motion to Dismiss [Doc. 22] is hereby **GRANTED**.

[2] Doc. 1; Doc. 13; Doc. 21.

Unity, through its officers Willie and Jane Guiden, granted a Multiple Indebtedness Mortgage ("MIM") in favor of First Louisiana Bank (the predecessor to CTB) against property owned by Unity in Caddo Parish, Louisiana, as security for a loan evidenced by a promissory note in the amount of $150,000.[3] The loan was evidenced by a promissory note executed for Unity by Willie and Jane Guiden, who are alleged to have died in 2011.[4] Ultimately, Unity defaulted on the promissory note, and CTB instituted proceedings to foreclose upon the mortgage. The mortgaged property was then seized and sold at a sheriff's auction.[5] From what the Court may discern from the complaint and the amended complaint, the Plaintiffs allege that CTB committed an intentional tort against the estate of Willie and Jane Guiden's heirs. In Plaintiffs' opposition to this motion, Plaintiffs assert that CTB was somehow negligent, presumably in the way the mortgage dispute was handled.[6]

This motion largely hinges on capacity and whether there is diversity of citizenship in this case; these two issues overlap. Plaintiffs Willean Guiden and Zara Guiden are citizens of Texas and Defendant CTB is a citizen of Louisiana for diversity jurisdiction purposes. Unity is a Louisiana non-profit corporation with its principal place of business in Louisiana; as such, it is a Louisiana citizen for diversity purposes.[7] Unity is not a named party in this action.

CTB filed the instant motion on March 27, 2014. CTB's motion asserts that this Court does not have subject matter jurisdiction because Plaintiffs lack standing to make a claim on their own

---

[3] Doc. 13-1 (Amy Fox Declaration).

[4] Doc. 1.

[5] Doc. 13-1, Exh. 3 (Sheriff's Sale Deed).

[6] Doc. 21.

[7] Doc. 3-1, Exh. D-1.

behalf; and if Plaintiffs are acting on behalf of Unity, as the obligor/mortgagor to CTB, or for the succession of Willie and Jane Guiden, which holds the decedents' shares in Unity, the Court lacks diversity jurisdiction. CTB also contends that Plaintiffs fail to state a claim upon which relief can be granted. Plaintiffs oppose this motion.[8]

## II. LAW AND ANALYSIS

### A. Plaintiffs Lack Requisite Capacity

CTB argues that Plaintiffs do not have standing to bring this suit on behalf of Unity as shareholders. As an initial matter, this Court finds that the decisive issue is whether Plaintiffs have the capacity to sue. *Texas Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 403 (5th Cir. 2008) (briefly noting the difference between capacity and standing). The real party in interest and capacity rules are not jurisdictional, unlike the Article III "case or controversy" standing requirement, but rather exist to ensure the plaintiff is entitled to make the claim. *See Ensley v. Cody Resources, Inc.*, 171 F.3d 315, 319 (5th Cir.1999). CTB asserts this portion of their motion pursuant to Rule 12(b)(1). This Court notes that although Rule 12(b) does not specifically authorize a motion to dismiss based on lack of capacity to be sued "[f]ederal courts ... traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes, ... such as motions raising ... a lack of capacity to sue or be sued...." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1360 (3d ed.2004). Moreover, the Fifth Circuit implicitly has approved 12(b) motions arguing the lack of capacity to be sued. *Angers ex rel. Angers v. Lafayette Consol. Gov't*, Civ. A. No. 07-0949, 2007 WL 2908805 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir.1991)). The Court will analyze CTB's motion accordingly.

---

[8] Doc. 21.

A review of the pleadings indicates that Plaintiffs do not have the requisite capacity to bring a suit under Louisiana corporate law. Federal Rule of Civil Procedure 17(b) provides that the capacity of a corporation to bring suit is determined by the law of the state where it is organized. FED. R. CIV. P. 17(b)(2); *Texas Clinical Labs*, 535 F.3d at 403. In this case, therefore, we look to Louisiana law to determine whether the Louisiana corporate board members have capacity to maintain this suit. In an action for damages incurred by a corporation, the corporation itself is vested with the procedural capacity to sue to enforce its rights. LA. CODE CIV. PROC. ANN. ART. 690; *Richard v. Morgan*, 433 So. 2d 263, 264 (La. Ct. App. 1983) *writ denied*, 438 So. 2d 1108 (La. 1983). Notably, the *Louisiana Civil Law Treatise* on Business Organizations provides as follows:

> A corporation, whether domestic or foreign, is treated as a separate juridical person for procedural purposes. It has the exclusive capacity to sue as plaintiff on causes of action that are owned by the corporation itself. If a corporation is the owner of the cause of action involved, then the petition asserting the cause of action must be filed in the name of the corporation, represented by an authorized officer or agent, or in certain circumstances by a shareholder asserting a derivative claim on the corporation's behalf. Corporate shareholders, even if they own all of the stock in the corporation, do not possess a personal right of action to recover on corporate causes of action.

8 LA. CIV. L. TREATISE, BUSINESS ORGANIZATIONS § 31.01 (2013 ed.) (citations omitted).

From what this Court can discern from the complaint, Plaintiffs are solely seeking relief on behalf of Unity. Indeed, the amended complaint concludes that the relief sought is exclusively for Unity. Moreover, Unity was the obligor on the note and mortgage, and Unity was the owner of the property that was seized and sold. Further, the note and mortgage which forms the basis of this dispute were signed by Willie Guiden, in his capacity as president of Unity, and Jane Guiden, in her capacity as vice president of Unity. In a similar vein, the complaint was signed by Willean Guiden in his capacity as president of Unity and the complaint was also signed by Zara Guiden in her

capacity as secretary of Unity, reinforcing that this suit is brought on behalf of the corporation Unity, not on behalf of the Guidens personally. *Delor v. Intercosmos Media Grp., Inc.*, 232 F.R.D. 562, 564 (E.D. La. 2005). For these reasons, Plaintiffs have no capacity to bring a suit under Louisiana law.

### B. Unity Is The Real Party In Interest

For the same reasons discussed in the preceding section, Unity is the real party in interest in this dispute. Rule 17(a) of the Federal Rules of Civil Procedure requires that "every action shall be prosecuted in the name of the real party in interest." The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. *Wieburg v. GTE Southwest Incorporated*, 272 F.3d 302, 306 (5th Cir.2001). The purpose of this provision "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Id.*

In sum, the relief sought in this matter is exclusively for Unity. As such, the holder of the substantive right in this matter is Unity, not the individual board members of Unity. Thus, Unity is a real party in interest in this suit as to all of the claims that Plaintiffs assert.

### C. Complete Diversity Does Not Exist

Since this Court has established that Unity is the real party in interest, the Court must take Unity into consideration for diversity purposes.[9] In order for jurisdiction to be proper on the basis

---

[9] This Court also addresses the diversity jurisdiction issue to show that an amendment would be futile because permitting an amendment would defeat diversity jurisdiction. Although an action must be prosecuted by the real party in interest, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED.R.CIV.P. 17(a)(3). This provision requires the defendant to object in time to allow the opportunity for joinder of the ostensible real party in interest. *In re Signal Int'l, LLC*, 579 F.3d 478, 487 (5th Cir. 2009). Here, the joinder of Unity would destroy diversity jurisdiction as discussed in this ruling.

of diversity of citizenship under 28 U.S.C. § 1332, there must be complete diversity between the parties, and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332. "The first element, complete diversity, requires that none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Guidry & Begnaud Developers, L.L.C. v. Houlihan Smith & Co.*, No. 07–2192, 2008 U.S. Dist. LEXIS 56039, at *4, 2008 WL 2282619 (W.D.La. May 8, 2008) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806)). "In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit." *Vermilion Parish Sch. Bd. v. BHP Billiton Petroleum (Americas), Inc.*, 2005 WL 2406157 (W.D. La. Sept. 29, 2005) (citing *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir.1985)). A corporation's citizenship is based on its state of incorporation as well as the location of its principal place of business. 28 U.S.C. § 1332(c)(1).

In the present matter, Unity is a Louisiana non-profit corporation with its principal place of business in Louisiana; as such, it is a Louisiana citizen for diversity purposes. Meanwhile, Defendant CTB is also a Louisiana corporation and a citizen of Louisiana for diversity purposes. Accordingly, there is no diversity of citizenship and this Court therefore lacks subject matter jurisdiction.

**D. Plaintiffs' Representative Capacity Argument Is Unavailing As Well**

Plaintiffs' alternative argument that they have capacity because they are bringing the suit on behalf of the succession of Willie and Jane Guiden as co-administrators is unavailing because this Court would not have jurisdiction regardless. In their opposition to this motion, Plaintiffs shift their focus away from the corporate capacity issue and argue that they are bringing their claims on behalf

of the succession of Willie and Jane Guiden and therefore have representative capacity. This argument suggests that Rule 17(b)(2) regarding corporate capacity, which this Court has already explained controls in this case, is not the proper standard but instead the Court should look to the Plaintiffs' representative capacity. Rule 17(b) provides, in pertinent part: "Capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; ... (3) for all other parties, by the law of the state where the court is located...." In light of Rule 17 and the opposition to this motion, Plaintiffs seem to argue that Rule 17(b)(3), providing the capacity of an individual who is acting as a representative to sue or be sued is determined by the law of the state where the court is located, is the correct standard to apply. Even if this were the case, Louisiana law would control and their claims would still be dismissed. Plaintiffs rely on Louisiana Civil Code article 888 which provides that "[d]escendants succeed to the property of their ascendants." However, the resulting legal effect is that the Plaintiffs take on the citizenship of the decedents. Thus, Plaintiffs' capacity is controlled by the law of Willie and Jane Guiden's domicile: Louisiana. In the record there is a copy of a notarized Affidavit of Death and Heirship, apparently filed in the succession of Willie Guiden and Jane Guiden, which declares that decedents were domiciled in Shreveport at the time of their deaths.[10] The determination that Louisiana law governs this particular issue is strongly supported by Louisiana Code of Civil Procedure article 2811, which states that a succession proceeding shall be brought in the "district court of the *parish where the deceased was domiciled at the time of his death.*" (Emphasis added). In their opposition to this motion, Plaintiffs present evidence that the decedents' succession was opened in Caddo Parish in July 2011 which severely undermines any argument Plaintiffs may have

---

[10] Doc. 21-1.

that *any* domicile besides Louisiana should be considered. At any rate, Defendant CTB is a Louisiana citizen and so are Plaintiffs, thus there is no diversity of citizenship and this Court therefore lacks subject matter jurisdiction.

### E. Failure to State a Claim Upon Which Relief Can Be Granted

Having determined that Plaintiffs do not have capacity and that this Court does not have subject matter jurisdiction, this Court sees no need to discuss CTB's 12(b)(6) argument.

### III. CONCLUSION

Based on the foregoing reasons, Defendant CTB's motion to dismiss [Doc. 13] is hereby **GRANTED**. Plaintiffs' case is **DISMISSED WITH PREJUDICE**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE